**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CHRISTOPHER FRACTION,**

      **Plaintiff,**

-vs-                                                  **Case No. 6:09-cv-902-Orl-28GJK**

**PROTECTIONS CONSULTANTS, INC.,
and MICHAEL HARGREAVES,**

      **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, PROTECTION CONSULTANTS, INC.**<br>**(Doc. No. 20)** |
| **FILED:** | **December 15, 2009** |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

**I.    BACKGROUND**

      On May 29, 2009, Christopher Fraction ("Fraction") filed a complaint (the "Complaint") for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA" or the "Act") against Defendants Protection Consultants, Inc. ("PCI") and Michael Hargreaves ("Hargreaves") (collectively, the "Defendants"). Doc. No. 1. Fraction alleges that the

Defendants failed to compensate Fraction under the FLSA at a rate not less than one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week. Doc. No. 1. In the Complaint, Fraction seeks overtime wages, liquidated damages, attorneys' fees, and costs, jointly and severally, against the Defendants. Doc. No. 1 at 4.

More specifically, Fraction alleges that he worked as a security guard for PCI from February through September 2008. Doc. No. 1 at ¶¶ 1, 8. Fraction also alleges that PCI was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA. Doc. No. 1 at ¶ 5. According to Fraction, Hargreaves owned, managed, and operated PCI and regularly exercised the authority to: 1) hire and fire PCI's employees; 2) determine the work schedules for PCI's employees; 3) set the rate of pay for PCI's employees; and 4) control the finances and operations of PCI. Doc. No. 1 at ¶ 6. Fraction claims that Defendants' failure to pay him one and one-half his regular rate of pay for all hours worked in excess of forty hours per week was willful. Doc. No. 1 at ¶ 17.

After being served with the Compliant, PCI failed to respond. Doc. Nos. 13, 15. On September 3, 2009, default was entered against PCI. Doc. No. 16. Hargreaves also failed to respond to the Complaint, but the Court denied Fraction's motion for entry of default as to Hargreaves because service of process on Hargreaves was not effective. *See* Doc. Nos. 14-15.[1]

---

[1] On December 17, 2009, Fraction was granted an extension of time until January 8, 2010, to timely effectuate service of process on Hargreaves. Doc. No. 21. To date, Fraction has not filed a new return of service as to Hargreaves. On February 1, 2010, the Court entered an order directing Fraction to show cause in writing no later than February 12, 2010, why the case against Hargreaves should not be dismissed. Doc. No. 22. To date, Fraction has not responded to the Court's order to show cause.

On December 15, 2009, and pursuant to Rule 55(b), Fraction filed the instant Motion for Entry of Final Default Judgment (the "Motion") against PCI. Doc. No. 20. PCI failed to file any opposition to the Motion.

## II. THE LAW AND ANALYSIS

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 206 (5th Cir. 1975).[2] A default judgment may be entered only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu*, 515 F.2d at 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, a court must examine the sufficiency of the allegations in the complaint to determine whether a default judgment is warranted. *Kwasnik v. Charlee Family Care Services of Central Florida*, Case No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809 at *3 (M.D. Fla. Jun. 9, 2009) (citing *Fid. & Deposit Co. v. Williams*, 699 F.Supp. 897, 899 (N.D. Ga. 1988)).

"While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly,* 550 U.S. at 555. A plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.* "A complaint may

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1950 (2009)).

In *De Lotta v. Dezenzo's Italian Restaurant, Inc.*, Case No. 6:08-cv-2033-Orl-22KRS, Doc. No. 32, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009), the Honorable District Court Judge Anne C. Conway, stated:

> [T]o establish a claim under the FLSA for unpaid overtime compensation, a plaintiff must allege facts and not mere conclusions of law. The complaint must contain facts showing the plaintiff is within the terms of the Act, which requires a sufficient allegation of facts showing the plaintiff is engaged in or is employed in an enterprise engaged in commerce or the production of goods for commerce.

*Id.* (citing 29 U.S.C. § 207(a)(1)). Thus, "[t]o establish jurisdiction for an overtime violation under the FLSA, an employee must show either: '(i) that the employee was engaged in commerce or in the production of goods for commerce (*i.e.*, individual coverage) or (ii) that the employer was engaged in commerce or in the production of goods for commerce (*i.e.*, enterprise coverage).'" *De Lotta*, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (quoting *Williams v. Signature Pools & Spas, Inc.*, 615 F.Supp.2d. 1374, 1378 (S.D. Fla. 2009)).

In this case, Fraction only alleged enterprise coverage, that PCI was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA. Doc. No. 1 at ¶ 5. Enterprise coverage applies where:

> (1) the employer has two or more employees regularly and recurrently engaged in commerce, or has two or more employees regularly and recurrently 'handling, selling, or otherwise working on goods or materials that have been moved in or produced for

> commerce by any person' and (2) the employer's annual gross volume of sales is $500,000 or more.

*Dent v. Giaimo*, 606 F.Supp.2d 1357, 1360 (S.D.Fla.2009) (citing 29 U.S.C. § 203(s)(1)(A); 29 C.F.R. § 779.238)). *See also, Sandoval v. Florida Paradise Lawn Maintenance, Inc.*, 303 Fed.Appx. 802, 805 (11th Cir. 2008) ("[I]t is clear from the language of the statute that, for enterprise coverage under the FLSA to apply, the enterprise must be engaged in commerce under the statute *and* must gross over $500,000 annually.") (emphasis in original) (citing 29 U.S.C. § 203(s)(1)(A)(i)-(ii)).[3] A court "cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." *De Lotta*, 2009 WL 4349806 at *2 (M.D. Fla. Nov. 24, 2009) (citing *Sandoval*, 303 Fed.Appx. at 805).

In the Complaint, Fraction's only allegation regarding whether he was employed by an enterprise engaged in commerce or the production of goods for commerce is: "At all times pertinent to this Complaint, [PCI] was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s)." Doc. No. 1 at ¶ 5. This allegation, as pled, is insufficient to establish enterprise coverage under the FLSA. As set forth above, a default judgment may only be entered when it is supported by well pled factual allegations. Thus, the undersigned finds that default judgment is not appropriate because Fraction has failed to sufficiently plead or otherwise provide a factual basis to support a finding of enterprise coverage under the FLSA.

---

[3] In the Eleventh Circuit, unpublished decisions are persuasive but not binding authority.

**THEREON** it is **RECOMMENDED** that the Court:

1) **DENY** the Motion (Doc. No. 20) because it is not supported by well pled allegations;

2) Direct Fraction to file an amended complaint and serve the amended complaint; and

3) Notify Fraction that failure to timely file and serve the amended complaint will result in the dismissal of the case without prejudice without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on February 16, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Presiding District Judge
Counsel of Record
**Unrepresented Parties by Certified Mail**